# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 14, 2013

Lyle W. Cayce
Clerk

No. 12-60776
Summary Calendar

OSCAR D. MOORE, SR.; STEVE LOWE; RODNEY HAMPTON; CLYDE
REDDICK, JR.,

Plaintiffs - Appellants

v.

TRUE TEMPER SPORTS, INCORPORATED, A Corporation,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No: 1:10-CV-178

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Oscar D. Moore, Sr., Steve Lowe, Rodney Hampton, and Clyde Reddick, Jr.
(the "plaintiffs"), four employees of a golf club manufacturer, appeal the district
court's grant of summary judgment to their employer, True Temper Sports, Inc.,
on their racial discrimination claims. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 12-60776

## FACTS AND PROCEEDINGS

The plaintiffs were employees of True Temper who worked at its Amory, Mississippi golf club manufacturing facility. In 2008, True Temper instructed all employees at its Amory plant to wear t-shirts bearing company and union logos during two visits to the plant by representatives of Ping Golf—a major customer—and one visit by True Temper's board of directors.

On March 4, in advance of a visit by representatives from Ping, the plaintiffs, who are black, and six white employees refused to wear the company t-shirts. One of the white employees was sent home for the day, and the remaining nine employees—the plaintiffs and five white employees—were assigned to work at an off-site warehouse for the day and were not otherwise disciplined.

Before another visit by Ping scheduled for July 29, True Temper informed plant employees that wearing their company t-shirts on that day was required. True Temper specifically notified the plaintiffs and five other employees who had refused to wear  t-shirts previously that failure to wear the company t-shirts during this next visit would subject them to discipline pursuant to company policy. When the plaintiffs still refused to wear the company t-shirts, True Temper suspended them for five days for insubordination.

Finally, prior to a visit to the plant by True Temper's board of directors on September 23, True Temper again notified all of its employees to wear their t-shirts. The plaintiffs relented and wore their shirts for this visit.

The plaintiffs filed charges of racial discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that True Temper disciplined them in a racially discriminatory manner. The EEOC made no finding of discrimination, and the plaintiffs subsequently initiated the instant action, bringing racial discrimination claims pursuant to 42 U.S.C. § 2000e-2(a)(1) ("Title VII") and 42 U.S.C. § 1981. The district court granted summary

judgment to True Temper, holding that the plaintiffs had failed to set out a prima facie case of discrimination. The plaintiffs appeal.

## DISCUSSION

"We review a district court's grant of summary judgment *de novo*, applying the same legal standards as the district court." *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 549 (5th Cir. 2012). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (quoting FED. R. CIV. P. 56(c)). "In order to overcome a motion for summary judgment on . . . Title VII discrimination claims, [a plaintiff] must first establish, by a preponderance of the evidence, a prima facie case of discrimination." *Shackelford v. DeLoitte & Touche, LLP*, 190 F.3d 398, 404 (5th Cir. 1999). To demonstrate such a prima facie case when alleging disparate treatment, a plaintiff must show (1) that he is a member of a protected class; (2) that he was qualified for his position; (3) that he was subject to an adverse employment action; and (4) that others outside the protected class, who were similarly situated, were treated more favorably. *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001). "When used as parallel causes of action, Title VII and section 1981 require the same proof to establish liability." *Shackelford*, 190 F.3d at 403 n.2.

The plaintiffs failed to set out a prima facie case of discrimination because they failed to meet their burden of production with respect to showing that similarly situated non-black employees were treated more favorably than they were. The only documents in the record that even arguably support the notion that the plaintiffs were treated less favorably than similarly situated non-black employees are the plaintiffs' sworn complaint and three unsworn statements from fellow employees submitted in response to True Temper's motion for summary judgment.

No. 12-60776

The plaintiffs' complaint contained only highly generalized allegations that do not refer to any specific similarly-situated white employees who were treated more favorably than the plaintiffs. Such "conclusory allegations" are insufficient to defeat a summary judgment motion. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). We decline to consider the three unsworn statements submitted by the plaintiffs as they do not comply with the requirements of Federal Rule of Civil Procedure 56(e). *Okoye*, 245 F.3d at 515 (holding that unsworn statements are "not competent summary judgment evidence because [they do] not comply with the requirements" of Rule 56(e)). With no valid evidence in the record showing that similarly situated non-black employees were treated more favorably than the plaintiffs, we agree with the district court that the plaintiffs failed to set out a prima facie case of discrimination and that summary judgment was proper.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.